# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

FREDERICK SKODA,

       Plaintiff,

v.

                                 **MEMORANDUM OF LAW & ORDER**
                                 Civil File No. 10-4865 (MJD/LIB)

LILLY USA LLC, a/k/a
Eli Lilly & Co.,

       Defendant.

Alan J. Sheppard, Sheppard Law Office, Counsel for Plaintiff.

Amanda L. Asbury and Ellen E. Boshkoff, Baker & Daniels, LLP, and Jonathan P. Schmidt and Molly B. Thornton, Briggs & Morgan, PA, Counsel for Defendant.

The above-entitled matter comes before the Court upon the Report and

Recommendation of United States Magistrate Judge Leo I. Brisbois dated April

11, 2011.  [Docket No. 24]  Plaintiff filed objections to the Report and

Recommendation.

Pursuant to statute, the Court has conducted a <u>de novo</u> review upon the

record of the portion of the Magistrate Judge's disposition to which specific

written objection has been made.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based

upon that review, the Court **ADOPTS** the Report and Recommendation of

United States Magistrate Judge Brisbois dated April 11, 2011 with the following

modifications.

First, the Court does not rely upon <u>Kern v. Janson</u>, No. A10-355, 2010 WL

3546867 (Minn. Ct. App. Sept. 14, 2010), which was recently overturned by the

Minnesota Supreme Court.  The Court modifies the Report and Recommendation

to omit reference to the Minnesota Court of Appeals opinion and notes that this

omission does not alter the reasoning found in the Report and Recommendation.

Second, the Court provides the following further analysis to supplement

the Report and Recommendation's discussion regarding whether Plaintiff could

have asserted his claim for commissions in the first conciliation court action:

Under Minnesota law, a plaintiff is not required to supplement his original

complaint to include claims arising during the pendency of the first lawsuit in

order to avoid res judicata.  <u>Drewitz v. Motorwerks, Inc.</u>, 728 N.W.2d 231, 240

(Minn. 2007).  A claim that "'could have been' brought must be understood to be

limited to a claim that existed at the time the first complaint was served."  <u>Id.</u>

Therefore, the Court does not base its finding of res judicata upon a holding that

Plaintiff should have amended his first conciliation court complaint on June 11,

2010, to include a new claim arising in the form of a commission claim under

Minn. Stat. § 181.13, based on Defendant's failure to respond to Skoda's June 10,

2010 letter.  Rather, the claim for commission payments had already arisen at the

time the first conciliation court matter commenced, although the claim for

damages under § 181.13 was not yet mature.

Here, Plaintiff's Complaint in the instant federal case seeks payment of

commissions under Minnesota Statute § 181.13.  Thus, Plaintiff seeks

"commissions actually earned and unpaid at the time of the discharge."  If the

commissions were not actually earned and unpaid at the time that Plaintiff was

discharged, he does not have a claim under §181.13.  Therefore, Plaintiff's own

Complaint demonstrates that he is seeking commissions that were earned but

unpaid at the time of his discharge, which occurred before he initiated the first

conciliation court lawsuit.

Because Skoda had not sent the demand for commissions to Lilly until

June 10, he could not have recovered damages for a violation of § 181.13 for late

payment of commissions in his first conciliation court complaint.  See Chatfield

v. Henderson, 90 N.W.2d 227, 232 (Minn. 1958) ("Until there is a demand as

required by the statute, after resignation or discharge, the statutory provisions

have no application.").  However, "immaturity of the claim does not justify

ignoring the finality of the judgment whether the prior action be brought in

conciliation court or elsewhere."  Mattsen v. Packman, 358 N.W.2d 48, 51 (Minn.

1984).  If Skoda seeks to avoid the preclusive effect of the prior judgment, the

appropriate avenue is to seek to vacate or set aside that judgment.  Id. at 50.  See

generally Kern v. Janson, -- N.W.2d --, 2011 WL 2848734 (Minn. July 20, 2011).

Here, Skoda's first conciliation court lawsuit and this current case arise

from the same employment relationship with Lilly, the termination of that

employment relationship, and the employment contract-based remuneration

owed to Skoda that was earned and unpaid at the time of that discharge.  Thus,

the instant claim for commissions arose from the same factual situation as the

suit for salary and could have been resolved in the first lawsuit.  See Gasbarra v.

Park-Ohio Indus., Inc., 655 F.2d 119, 121-23 (7th Cir. 1981) (holding employee's

new lawsuit seeking fringe benefits, which entitlements arose after the date of

the first lawsuit, was barred by res judicata from first lawsuit seeking salary and

bonuses because "[b]oth sets of claims arose from the employment relationship

between the parties, and from the defendant's letter . . . terminating the plaintiff's

employment and all rights thereunder" and "[w]hile the individual items of

4

damages may not have yet accrued at the filing of the first suit, the question of

the defendant's liability for the fringe benefits had clearly accrued and was ripe

for decision [and] . . . could have been resolved either by declaratory and

injunctive relief or by a determination of liability").


Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1.   The Court **ADOPTS** Magistrate Judge Leo I. Brisbois' Report and
     Recommendation dated April 11, 2011 [Docket No. 24], as modified
     above.

2.   Defendant's Motion to Dismiss [Docket No. 4] is **GRANTED**.

3.    Plaintiff's Counter Motion for Remand [Docket No. 11] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   July 22, 2011          s/ Michael J. Davis
                                Michael J. Davis
                                Chief Judge
                                United States District Court